to whom the note was originally made payable." Nor is it an "equity." "Set-off is not an equity," 1 Daniels' Negotiable Instruments, sec. 746. It follows from these conclusions that the judgment of the court below must be affirmed.

J. D. Sullivan and J. C. Richards, for plaintiff in error.

J. T. Holmes and H. J. Booth, for defendant in error.

---

98                                        **CREDITOR'S BILL.**

[Hamilton Circuit Court, January Term, 1888.]

Smith, Swing and Cox, JJ.

*GEORGE HAFER v. CITY OF CINCINNATI AND SARAH L. TEETOR.

1. STATEMENT OF FACTS.

T. commenced a suit in the court of common pleas against the city of Cincinnati, to recover unliquidated damages caused by a nuisance to her real estate. While such action was pending, H. recovered in the same court a judgment against T., in May, 1880, and in November, 1880, H. filed the petition in the present case, in the nature of a creditor's bill, against said T. and the city of Cincinnati, under sec. 5464, Rev. Stat., making the proper allegations therein, and seeking to subject to the payment of his demand, the claim of T. against the city still in suit. On this petition a summons was issued and duly served on both of the defendants, and on Nov. 20, 1880, the city filed an answer in the cause denying the allegations of the petition. Afterwards, in 1886, T. recovered a judgment against the city in her action, and the city solicitor, without actual knowledge of the pendency of this suit (the papers having been destroyed in the court-house fire), paid such judgment to T. or her assigns. Held:

2. CLAIM FOR DAMAGES ON A TORT IS A CHOSE IN ACTION.

That such demand against the city in favor of T. was a (money) claim or chose in action, which can, under sec. 5464, Rev. Stat., be applied to the payment in this action of H.'s judgment against T.

3. CREDITOR'S BILL MAINTAINED ON DORMANT JUDGMENT WITHOUT REVIVOR.

That neither the fact that the claim was so paid by the city to T., or that the judgment of H. became dormant during the pendency of this action, affected the right to have it so applied.

APPEAL from Court of Common Pleas of Hamilton county.

SMITH, C. J.

On the 20th day of November, 1880, the plaintiff brought this action against the defendants, in the nature of a creditor's bill, under sec. 5464, Rev. Stat. The allegations of the petition were, that on the 21st day of May, 1880, he had recovered a judgment in the court of common pleas of this county against Mrs. Teetor, for $301.01, to bear interest from May 10, 1880. That she had no personal or real estate subject to levy on execution sufficient to satisfy such judgment, and alleging that she had a claim or demand against the city of Cincinnati, which he asked to have applied to the payment of his claim. The city answered May 12, 1887, denying substantially the allegations of the petition—denying any valid judgment against Mrs. Teetor, or that the city was ever served with process in this case, or had notice of plaintiff's claim. That if such service was made, all of the papers in the case were burned in the court-house fire in 1884, and the records never restored, and that after the recovery of the judgment of Mrs. Teetor, they paid the full amount to her assignees, without any notice of plaintiff's suit or claim, and that it was owing to plaintiff's negligence, that the city was allowed to pay the claim to said assignees. And it was further alleged that the demand of Mrs. Teetor being for unliquidated damages for a nuisance, it could not be subjected to plaintiff's demand. On the issues thus made, we find that both

---

* This judgment was affirmed by the supreme court.     See opinion 49 O. S., 60.

Mrs. Teetor and the city were duly served with process in this suit. That on the 28th of November, 1880, the city filed an answer in the cause, but that no further steps were taken in the action, until after the rendition of a judgment in favor of Mrs. Teetor in her action against the city for about $1,000 in 1886. The said action of Teetor was one in which she sought to recover damages which she claimed had resulted from the flowing of the sewage of the city infirmary upon her lands. That action was pending against the city, when Hafer's creditor's bill was filed. Soon thereafter a demurrer to the petition of Mrs. Teetor was filed by the city, and was sustained by the court, and leave given to amend the petition, but this amendment was not made for two or three years. An amended answer was then filed, and on issue joined she recovered a judgment as before stated.

The papers in the case of Hafer v. The City, were burned in the court-house fire in 1884, and soon after the rendition of the judgment in favor of Mrs. Teetor, the amount of it was paid to her assignees—the officers of the city, or the city solicitor at least, then in office, having no actual knowledge of the pendency of the Hafer suit—the docket of his predecessor having also been burned in the fire.

So soon as the attorney of Mr. Hafer was advised of the rendition of the judgment against the city, he obtained leave of the court to substitute a copy of his original petition, and the city having filed its answer thereto, the case was heard in the common pleas, and an appeal taken from the decree therein rendered. And the question now is, whether on this state of the case, the plaintiff can have a decree against the city for the amount of his claim against Mrs. Teetor.

It would seem under these circumstances, that if Mrs. Teetor held a claim or demand against the city at the time of the commencement of this action, which could be subjected to the payment of plaintiff's claim, that sufficient facts are here shown to entitle him to that relief.

It is urged, however, by the city solicitor, that on the sustaining of the demurrer, it practically, so far as the right of Mr. Hafer was concerned, put an end to the action of Mrs. Teetor. We think this was not so. The amended petition, when filed, only stated the original cause of action in a different manner; and the judgment recovered thereon, was on the original claim.

Again, it is urged that as the judgment against Mrs. Teetor in favor of Hafer became dormant by reason of no execution having been issued thereon for five years, (and no such execution was in fact issued), that there is now no legal judgment in existence which will authorize the court to make such an order as is asked. This claim also, in our opinion, is not well founded. The judgment still remains as a debt of record, and a predicate for the proceeding under section 5464. The only effect of allowing it to become dormant is, that it no longer operates as a lien upon the lands of the judgment debtor in the county, and no execution can issue upon it until it is revived; but this action founded upon it is not in any way affected by such judgment becoming dormant while it is pending.

The principal question in the case is this—where an action is pending by a judgment debtor to recover damages caused by a nuisance to real estate, can the judgment creditor of such debtor, before the claim of his debtor is reduced to judgment, under the provisions of sec. 5464, by action against the plaintiff and defendant in the nuisance case, acquire a lien on such claim or demand, so as to entitle him to payment of the same, if his creditor succeeds in his suit.

That section allows "any interest of the judgment debtor in any money contract or claim, or chose in action" to be applied.

The demand of Mrs. Teetor was not on any money contract. Whether it comes under the phrase "chose in action," is a matter as to which there may be some question. Bouvier in his Law Dictionary defines it thus: "A right to receive or recover a debt, or money, or damages for breach of contract, or for a tort connected with contract, but which cannot be enforced without action." In Blackstone's Commentaries, Book 2, 396, it is said, "And hence it may be collected, that all property in action depends entirely upon contracts, express or implied, which are the only regular means of acquiring a chose in action."

But Judge Sharswood, in a note to this passage, says: "It is certainly an error to say that all property in action depends upon contracts, express or implied. There is a very large class of choses in action, which arise *ex delicto*. My claim for compensation for an injury done to my person, reputation or property, is as truly a chose in action, as where it is grounded on a breach of covenant or contract." And in Waite's Actions and Defenses, vol. 2, 250, it is stated, that "choses in action are not limited, however, to rights arising under contracts, but they also comprehend a demand arising out of a tort or injury to the person or property."

The weight of authority, modern at least, seems to us to be that a claim for damages arising from a tort, is a chose in action.

But independently of this, we think the word "claim," as used in the statute, covers a demand of this kind. It is evidently to be understood, as appears from the connection, as a "money claim." This must be held to be a "demand which one person has against another as a matter of right, that he pay to him a sum due upon contract, express or implied, or for damages which the claimant is entitled to receive or recover from another for the violation

of a right." We think it was evidently the purpose and intention of the legislature by the use of these comprehensive words, to give to a judgment creditor in a proper case, the right to have a demand for unliquidated damages applied to the satisfaction of the judgment if the proper steps are taken to do so, and the claim for unliquidated damages is reduced to judgment during the pendency of the creditor's bill, as was the case here.

There will therefore be a decree for the plaintiff that the city pay to Mr. Hafer out of the amount that was due to Mrs. Teetor, as ascertained by the judgment of the court, such sum as is necessary to pay the claim of Mr. Hafer, crediting thereon the payment since made on the judgment.

Wilby & Wald, attorneys for plaintiff.
City Solicitor, for the city.